**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff<br><br>vs.<br><br>KAISER PERMANENTE INSURANCE COMPANY, ABC COMPANIES 1-100 AND JOHN DOES 1-100,<br><br>Defendants | CASE NO. |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Plaintiff"), files the following Complaint against Defendant, Kaiser Permanente Insurance Company, et. al. ("Defendant"). In support thereof, Plaintiff would respectfully show unto the Court as follows:

I.

**NATURE OF THE CASE**

1. This is a breach of contract action. Defendant refused to pay Plaintiff for laboratory testing services rendered to multiple members/subscribers insured by Defendant. The Plaintiff will be seeking actual damages of $316,706, plus punitive damages, interest, and costs of the suit, including attorney's fees.

2. The plaintiff was, among other things, entitled to

1

have its claims processed and paid promptly. Instead, Defendant regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous claims submitted by Plaintiff.

3. Indeed, as set forth more fully below, in many of the instances where Defendant did respond, Defendant offered spurious explanations – obviously created from whole cloth – to provide pretextual grounds designed to permit Defendant to either avoid paying altogether or to substantially underpay, legitimate claims submitted by the Plaintiff.

4. More specifically, Defendant improperly refused to pay (or underpaid) Plaintiff thousands of dollars for services it rendered to numerous of Defendant's subscribers and/or members for numerous pretextual reasons, including purported, (a) lack of adequate claim information provided by Plaintiff; (b) untimely filing of claims; (c) lack of coverage by the subscribers/members for the services provided; and/or (d) failure to meet conditions of coverage. For the claims at issue in this matter, these purported bases for denial of coverage were entirely groundless and have deprived the Plaintiff of thousands of dollars to which it was rightfully entitled to receive.

5. As a result of Defendant's refusal and failure to abide by its obligations, as well as its duties of good faith and fair

dealing owed to Plaintiff, Plaintiff was compelled to bring this matter before the Court, seeking substantial damages incurred by it as a proximate result of the Defendant's actions and/or omissions.

II.

**PARTIES**

6. Plaintiff is a New Jersey limited liability company and conducted legitimate business actions in New Jersey, such as the leadership of Plaintiff being located in New Jersey and further laboratory services and processing of claims occurring in New Jersey. At the time of the events made the subject matter of this litigation, it held a medical laboratory testing license issued by the Commonwealth of Pennsylvania, and it maintained its principal place of business at 900 Town Center Drive, Suite H50, Langhorne, Pennsylvania 19047. At all relevant times, Plaintiff was an out-of-network provider of laboratory testing services to Defendant's subscribers/members.

7. Defendant, Kaiser Permanente Insurance Company provides health insurance services throughout Colorado and has its principal place of business at 10350 E. Dakota Avenue, Denver, Colorado 80247. Defendant's registered agent is The Prentice-Hall Corporation System, Inc., 1900 W Littleton Blvd., Littleton, CO 80120.

8. GENESIS is unaware of the true names and capacities of Defendants named herein as ABC Companies 1 through 100 and

3

JOHN DOES 1 through 100, inclusive, and therefore asserts claims against these Defendants by such fictitious names.

9. GENESIS will amend this Complaint to show the true names and capacities of such ABC Companies and JOHN DOES when the same have been ascertained.

10. GENESIS, on information and belief, alleges that each of the fictitious named Defendants, jointly and severally, are responsible in some manner for the actions and occurrences herein alleged, and that GENESIS' damages were proximately caused by their acts.

11. On further information and belief, GENESIS alleges that at all times herein mentioned, the ABC Companies and JOHN DOE Defendants acted in concert with, though, and were/was the agent, employee, contractor, partner, servant, employee and/or representative, with the permission and consent of the other Defendants.

### III.

### **FACTUAL BACKGROUND**

12. At all times material to the events made the subject matter of this lawsuit the Plaintiff operated a licensed medical testing laboratory business. Plaintiff performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers, on behalf of Defendant's subscribers/members,

4

for numerous patients located throughout the United States (the "Laboratory Testing Services").

13. The requisitions of laboratory testing services that were submitted on behalf of Defendant's insureds contained an assignment of benefits, which created contractual obligations on part of the Defendant to pay for the Laboratory Testing Services that were provided by Plaintiff to Defendant's insureds/members/subscribers.

14. The assignment executed by Defendant's insureds states as follows:

> I hereby assign all rights and benefits under my health plan and direct payments be made to Genesis Diagnostics for laboratory services furnished to me by Genesis Diagnostics. I irrevocably designate authorize and appoint Genesis Diagnostics or its assigned affiliates as my true and lawful attorney-in-fact for the purpose of submitting my claims and pursuing any request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or state laws. If my health plan fails to abide by my authorization and makes payment directly to me, I agree to endorse the insurance check and forward it to Genesis Diagnostics immediately upon receipt.

15. Attached to this Complaint and incorporated herein for all purposes as Exhibit "1" is a spreadsheet setting forth the patients[1] who were rendered Laboratory Testing Services, the

---

[1] Plaintiff has redacted the names of the patients in order to ensure that personal health information is not released pursuant to the Health Portability and Accountability Act of 1996 (HIPAA).

5

dates of service, the amounts billed for those services, and their respective ascension numbers. In accordance with Plaintiff's business practices, each of those patients identified on Exhibit 1 executed an assignment of benefits with respect to their original requisitions for services, thereby creating an assignment of contractual rights from the patients in favor of the Plaintiff.

16. By virtue of the patients' execution(s) of their respective assignment of benefits on the requisition of services forms submitted to Plaintiff, and thereafter Plaintiff's tendering of Laboratory Testing Services to each of Defendant's subscribers/members, contractual obligations arose between the Plaintiff and Defendant with respect to each of the patients listed in Exhibit 1. As Plaintiff has come to learn, the Defendant-over an extended period of time-blatantly disregarded, among other of its duties, express obligations to pay Plaintiff for services rendered.

17. Indeed, it has become apparent that Defendant engaged in a long campaign designed to deprive Plaintiff of thousands of dollars it is rightfully owed for services Plaintiff rendered to Defendant's subscribers and/or members. To advance this campaign, Defendant repeatedly either *failed to respond at all to properly submitted claims* or fabricated some other pretextual basis to improperly refuse to make payment to Plaintiff.

18. By way of example only and without limitation, Defendant used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

19. Defendant's refusal to properly process and pay Plaintiff for the Laboratory Testing Services it rendered to Defendant's subscribers/members were entirely groundless, has deprived Plaintiff of thousands of dollars to which it is rightfully entitled, and constitutes a material breach of Defendant's payment obligations.

**IV.**

**CAUSES OF ACTION**

**A.    COUNT 1 – E.R.I.S.A.**
20. Plaintiff alleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in the paragraphs above.

21. Defendant is a corporation engaged in business of issuing insurance policies.

22. Upon information and belief, Defendant's subscribers/members obtain insurance policies through the issuance of the Defendant's subscriber/member's Employer

7

obtaining a policy of group health insurance in which Defendant's subscribers/members are a participant or, of which they are a beneficiary.

23. Said policy is an employee benefit plan that is regulated by Employee Retirement Income Security Act (hereinafter called "E.R.I.S.A"), 29 U.S.C.S. §1001, et seq.

24. An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment. As such, the contractual obligations which arose between Plaintiff and Defendant via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute a valid and binding contract(s) between Plaintiff and Defendant as to each of the insureds listed in the attached Exhibit 1 (collectively referred to herein as the "Contract").

25. This action seeks to recover benefits due to Plaintiff under the terms of said policy or plan and seeks to enforce Plaintiff's rights, as assignee, under the terms of said policy or plan.

26. During the claim process, Plaintiff is not provided with copies of the ERISA plans.

27. This Court has jurisdiction over these ERISA Claims pursuant to 29 U.S.C.S. §1132(e).

28. Plaintiff has performed all of its obligations under those Contract(s), including without limitation rendering Laboratory Testing Services upon specimens submitted by Defendant's agents, and thereafter properly submitting claims for payment to the Defendant. Plaintiff has not breached any of the obligations between the parties.

29. Pursuant to the Contract, Plaintiff submitted claims with the Defendant seeking benefits under said policy or plan.

30. Defendant wrongfully denied said claim(s).

31. Plaintiff continues to be eligible for benefits under said policy or plan, and the Defendant has wrongfully denied or underpaid Plaintiff's claim(s).

32. Defendant's denial or underpayment of similar claims for other benefits as reflected in the Contracts are arbitrary, capricious and unreasonable.

33. Plaintiff has been damaged by the Defendant in the sum of all claims for past benefits wrongfully withheld from Plaintiff by Defendant and Defendant should be ordered to pay all similar claims of the Plaintiff. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C.S. §1132(g).

**B.      Count 2 - Breach of Contract for Non-E.R.I.S.A. Claims.**

34. Plaintiff alleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth

in the paragraphs above.

35. An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment. As such, the contractual obligations which arose between Plaintiff and Defendant via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute a valid and binding contract(s) between Plaintiff and Defendant as to each of the insureds listed in the attached Exhibit 1, who are Non-E.R.I.S.A. claims.

36. Plaintiff has performed all of its obligations under those Contract(s), including without limitation rendering Laboratory Testing Services upon specimens submitted by Defendant's agents, and thereafter properly submitting claims for payment to the Defendant. Plaintiff has not breached any of the obligations between the parties.

37. Pursuant to the Contract, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendant's subscribers/member/insureds for those Non-E.R.I.S.A. listed claims in Exhibit 1 processed and paid promptly by Defendant.

38. In addition, every contract imposes upon each party a duty of good faith and fair dealing in its performance and

enforcement. Hence, implied in all contracts is a covenant of good faith and fair dealing.

39. Instead, Defendant repeatedly breached the Contract, including the covenant of good faith and fair dealing, by either failing to respond at all to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless.

40. Because of Defendant's multiple breaches of the Contract, Plaintiff has been deprived of thousands of dollars to which it is contractually (and otherwise) entitled. Defendant has either not made any payments whatsoever to Plaintiff on certain contract(s) or has underpaid several claims submitted by Plaintiff, leaving a current balance due and owing in the amount of approximately $316,706 for Laboratory Testing Services rendered by Plaintiff to Defendant's insureds, subscribers and/or members listed in Exhibit 1.

41. Defendant's failure to pay Plaintiff as required under the Contract(s) (and applicable law) has proximately caused damages to Plaintiff in an amount not less than $316,706.

**C.  COUNT 3 – Breach of Insurer's Implied Covenant of Good Faith and Fair Dealing for NON-ERISA Claims**

42. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set

11

forth in paragraphs above.

43. There is special nature of an insurance contract and the relationship between the Defendant and the Plaintiff, as assignee of the Defendant's insureds.

44. By entering into an insurance contract, Defendant's insureds sought to obtain a measure of financial security and protection against a health financial crisis, rather than secure a commercial advantage.

45. The refusal of the Defendant to play a valid claim without justification reaches the Defendant's insureds expectations that the insured and the purpose of the insurance contract.

46. By Defendant's treatment of the claims submitted on behalf of the Defendant's insureds, by Plaintiff as assignee, breached the Defendant's implied duty of good faith and fair dealing.

47. Defendant's actions here, including but not limited to, its failure and/or refusal to respond to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, breached this implied covenant of good faith and fair dealing regarding the patients listed in the attached Exhibit 1.

48. Defendant's breach of the implied covenant of good faith and fair dealing that arose in regards to the patients listed in the attached Exhibit 1 was unreasonable and/or the Defendant knew that the conduct is unreasonable or recklessly disregarded the fact that the conduct is unreasonable.

49. Defendant's breach of the implied covenant of good faith and fair dealing that arose in regards to the patients listed in the attached Exhibit 1 proximately caused damages to Plaintiff in the amount of not less than $316,706.

D.     COUNT 4 – **Fraudulent and Negligent Misrepresentation; Equitable and Promissory Estoppel for Non-ERISA Claims**

50. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs above.

51. Over the course of several years, Plaintiff submitted in excess of one hundred and sixty (160) claims to Defendant regarding Laboratory Testing Services rendered to the patients listed in Exhibit 1. Defendant's representatives not only requested those services on behalf of Defendant's insureds/members/subscribers, but represented to Plaintiff that the patients/insureds were all covered by policies of insurance issued by Defendant and that Defendant would pay for the services to be rendered by the Plaintiff to Defendant's insureds. The

Defendant's insureds were each a beneficiary of the services rendered by the Plaintiff over the course of several years, and because of the assignment(s) of benefits executed by those patients, contractual rights were assigned by Defendant's insureds in factor of the Plaintiff, which obligated the Defendant to pay for those Laboratory Testing Services.

52. The Defendant, however, did not pay and/or underpaid in excess of one hundred and sixty (160) claims submitted by Plaintiff over the course of several years. Defendant's course of conduct constituted a representation to Plaintiff that it would continue to pay for Laboratory Testing Services rendered by Plaintiff. The Plaintiff relied upon the representations and course of conduct between Defendant and Plaintiff. The plaintiff's reliance was reasonable and justified.

53. As a result, Defendant is precluded, both at law and in equity, from asserting rights that might have existed against Plaintiff because Plaintiff in good faith relied upon Defendant's representations and the parties' course of dealings. Plaintiff was induced to adversely change its position because Plaintiff provided Laboratory Testing Services to Defendant's subscribers and/or members under the belief that it would be compensated by Defendant for those services.

54. Moreover, Defendant is precluded, both at law and in equity, from asserting rights that might have existed against

Plaintiff because Plaintiff in good faith relied upon and expected Defendant to comply with its payment obligations.

55. As a result of failing to pay on the approximately one hundred and sixty (160) claims submitted, Defendant has demonstrated that it did not intend to reimburse Plaintiff for providing Laboratory Testing Services for Defendant's insureds, subscribers and/or members in accordance with Defendant's reimbursement standards and protocols.

56. The Defendant is also precluded from repudiating its payment and other contractual and, because to do so would be violative of the demands of justice and good conscience, whether such failure arose by silence or omission where one has a duty to speak or act.

57. By failing to pay Plaintiff the usual, customary, and reasonable charges for its professional services, in accordance with Defendant's own reimbursement standards and protocols, Defendant breached its obligation to reimburse Plaintiff for providing testing services for Defendant's subscribers and/or members. Accordingly, Defendant has proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**E.   COUNT 5 – <u>Quantum Meruit / Unjust Enrichment for Non-E.R.I.S.A</u>.**

58. Plaintiff alleges and incorporates herein, as if fully

15

set forth at length, each of the factual recitations set forth in paragraphs above.

59. In performing Laboratory Testing Services for Defendant's insureds, subscribers and/or members listed in Exhibit 1, for which Defendant did not pay, or paid at amounts far below those required by Defendant's own policies and protocols, Plaintiff conferred a benefit upon Defendant's subscribers and/or members and, therefore, upon the Defendant.

60. Defendant has enriched itself at Plaintiff's expense by failing and refusing to compensate Plaintiff for providing Laboratory Testing Services to Defendant's subscribers and/or members, and instead Defendant is using those funds for Defendant's own purposes.

61. It is against equity and good conscience to permit Defendant to retain the money it intentionally and wrongfully failed to pay to Plaintiff.

62. Plaintiff is therefore entitled to recover all funds it is owed for providing Laboratory Testing Services it provided to the patients listed in Exhibit 1.

63. By reason of the unjust enrichment of Defendant at Plaintiff's expense, Plaintiff is entitled to judgment against Defendant in the amount of not less than $316,706 plus interest.

**WHEREFORE**, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics prays for judgment against Defendant, Kaiser

Permanente Insurance Company, and requests the Court to award it the following damages in this case:

(a) compensatory, direct, or actual damages in the amount of not less than $316,706;

(b) the sum of all the claims for past benefits wrongfully withheld from Plaintiff by Defendant;

(c) all legal, equitable, consequential, and/or incidental damages as determined by the trier of fact;

(d) punitive and/or exemplary damages as determined by the trier of fact;

(e) attorney's fees pursuant to 29 U.S.C.S. §1132(g);

(f) attorney's fees, costs of court, and out-of-pocket expenses;

(g) pre-and post-judgment interest at the highest rate(s) allowed by law; and

(h) all such other and further relief, either at law or in equity, as may be deemed appropriate by the Court.

## JURY DEMAND

Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics hereby demands a jury trial on all issues in this Complaint so triable.

**ABIRA MEDICAL LABORATORIES, LLC, D/B/A GENESIS DIAGNOSTICS**

Dated: January 30, 2025      /s/ Afiyfa Ellington
            **AFIYFA H. ELLINGTON, ESQ.**